UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
: 
In re Application of CHEVRON CORPORATION for :
an Order Pursuant to 28 U.S.C. § 1782 to Conduct   :   Case No. M-19-111
Discovery for Use in Foreign Proceedings. :
:
------------------------------------------------------------------ x

## *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

Based upon the concurrently filed Memorandum of Law, the Declaration of Kristen L. Hendricks, the Requests for Judicial Notice, and other supporting documents, Chevron Corporation ("Chevron") applies to this Court for an Order, pursuant to 28 U.S.C. § 1782, and Rules 26, 34, 30 and 45 of the Federal Rules of Civil Procedure, for an order granting Chevron leave to serve the subpoena attached to the Declaration of Kristen Hendricks as Exhibit RR. Chevron requests that the Court either grant such leave *ex parte*, or, in the alternative, that this Court enter an Order to Show Cause why the subpoena should not issue and order an accelerated briefing and hearing schedule.

New York attorney Steven Donziger, a resident of this District, is at the center of a decade-long $27.3 billion fraud. As a result of a recent, related § 1782 order issued by Judge Kaplan of this Court,[1] as affirmed and modified by the Second Circuit, Applicant Chevron Corporation ("Chevron") recently obtained outtakes from the movie *Crude* that show Donziger orchestrating corruption, with the goal of obtaining a fraudulent multi-billion dollar judgment

---

[1] *In re Applic. of Chevron Corp.* ("*Berlinger I*"), -- F. Supp. 2d --, 2010 WL 1801526, at *1 (S.D.N.Y. May 10, 2010) (authorizing subpoena for "outtakes" from *Crude*).

against Chevron in the case of *Maria Aguinda y Otros v. Chevron*, pending in Lago Agrio, Ecuador (the "Lago Agrio Litigation"). In that case, Donziger and his associates have sued Chevron, purportedly on behalf of a group of 48 Ecuadorians (the "Plaintiffs"), for alleged environmental damage in the Oriente region of Ecuador, despite the fact that the Ecuadorian state-owned oil company has *for decades* been the exclusive operator in the region and there is no evidence that Chevron is responsible for any environmental damage. On camera, Donziger explains his litigation philosophy to a consultant who is reluctant to claim groundwater contamination when the sampling proves otherwise:

> ***Hold on a second, you know, this is Ecuador . . . . You can say whatever you want and at the end of the day, there's a thousand people around the courthouse, you're going to get what you want. Sorry, but it's true.***
>
> ***Because at the end of the day, this is all for the Court just a bunch of smoke and mirrors and bullshit. It really is. We have enough, to get money, to win.***

The *Crude* footage also shows Donziger, his Ecuadorian associates, and U.S. consultants secretly meeting with the Ecuadorian court's "Special Master" Richard Stalin Cabrera Vega ("Cabrera")—two weeks *before* Cabrera's appointment by the Ecuadorian court—in an elaborate session replete with PowerPoint, planning out in detail the "global damages assessment" that Cabrera would later submit to the court as his purportedly "neutral" and "independent" report recommending $27.3 ***billion*** in supposed damages against Chevron.

  This dramatic evidence of Donziger's campaign to defraud Chevron that is coming to light as a result of Judge Kaplan's issuance of a subpoena under § 1782 in turn supports the present Application for a subpoena directed to Donziger, to assist Chevron in gathering evidence for use in the Lago Agrio Litigation, as well as in the international arbitration that Chevron has initiated against Ecuador under the Bilateral Investment Treaty between the United States and Ecuador (the "Treaty Arbitration").

Chevron has filed a number of § 1782 petitions in addition to the one granted by Judge Kaplan and every one of the seven courts that has ruled to date has granted those petitions. **Georgia**: (*In re Applic. of Chevron Corp.*, No. 1:10-mi-00076-TWT-GGB, Order (N.D. Ga. Mar. 2, 2010) (authorizing deposition and document discovery of Charles Calmbacher)); **Colorado**: (*Chevron Corp. v. Stratus Consulting, Inc.*, No. 10-cv00047-JLK, Trans. (D. Colo. Mar. 4, 2010) (authorizing subpoenas to issue for depositions and production of documents from Plaintiffs' environmental consultants Stratus Consulting)); **New York:** *Berlinger I,* *1 (authorizing subpoena to issue for production of 600 hours of "outtakes" from the movie *Crude*); **Texas:** (*In re Applic. of Chevron Corp. v. 3TM Consulting, LLC*, No. 4:10-mc-134, Order (S.D. Tex. Apr. 5, 2010) (granting discovery of Plaintiffs' consultants 3TM Consulting)); **California:** (*In re Applic. of Chevron Corp.*, No. 10-cv-1146-IEG (WMc), Order (S.D. Cal. Jun. 23, 2010)); **New Jersey:** (*In re Applic. of Chevron Corp.*, No. 2:10-cv-02675-SRC-MAS, Trans. (D. N.J. Jun. 11, 2010) (authorizing subpoenas for depositions and productions of documents from Plaintiffs' consultant UBR) ; **Washington, D.C.:** (*In re Applic. of Chevron Corp.*, No. 1:10-mc-00371-CKK, Order (D. D.C. July 22, 2010) (authorizing subpoena for deposition and production of documents from Plaintiffs' former Ecuadorian attorney, Alberto Wray)).

This Applications too meets the statutory elements and discretionary factors of Section 1782. Chevron is a party, and is thus an "interested person" under § 1782, in both the Lago Agrio Litigation and the Treaty Arbitration, and it seeks discovery here for "use in" those proceedings. The target of the discovery, Donziger, is based in Manhattan and is therefore "found" within this district. Chevron thus meets all the statutory criteria for the issuance of an order allowing the discovery. In addition, as set forth in the accompanying Memorandum of Law, each of the four discretionary factors that this Court may consider also favor granting the

Petition: (1) whether the person from whom discovery is sought is a party in the foreign proceeding; (2) the receptivity of the foreign tribunal to federal-court assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions; and, (4) whether the request is unduly intrusive or burdensome. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004) (describing discretionary factors).

Chevron's need for the evidence it seeks here is urgent, as this Court has already recognized:

> The Lago Agrio Plaintiffs are pushing the Ecuadorian court to close the evidentiary phase of that litigation and immediately enter a multibillion dollar judgment against Chevron, thus preventing Chevron from placing before that court the likely relevant evidence contained in the [discovery sought]. Those plaintiffs intend, if they succeed, to attempt to enforce such a judgment around the world.

*In re Applic. of Chevron Corp.*, 2010 U.S. Dist. LEXIS 51578, at *29 (S.D.N.Y. May 20, 2010).

Thus, Chevron respectfully requests that this Court expeditiously grant its Application for an Order granting Chevron leave to serve Steven Donziger with the subpoena attached to the Declaration of Kristen Hendricks as Exhibit RR. Alternatively, Chevron respectfully requests that the Court set a briefing and hearing schedule ordering Donziger and any party in interest to show cause why the subpoena should not issue forthwith.

Dated: August 4, 2010
       New York, New York

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: _____
       Randy M. Mastro

200 Park Avenue, 47th Floor
New York, New York 10166-0193
Telephone: 212.351.4000
Facsimile:  212.351.4035

Scott A. Edelman
2029 Century Park East
Los Angeles, California 90067
Telephone: 310.552.8500
Facsimile:  310.551.8741

Andrea E. Neuman
3161 Michelson Drive
Irvine, California 92612
Telephone: 949.451.3800
Facsimile:  949.451.4220

*Attorneys for Applicant Chevron Corporation*