UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x
:
In re Application of CHEVRON CORPORATION for :
an Order Pursuant to 28 U.S.C. § 1782 to Conduct : Case No. M-19-111
Discovery for Use in Foreign Proceedings. :
:
:
---------------------------------------------------------------------- x

# [PROPOSED] ORDER GRANTING *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

The *Ex Parte* Application of Chevron Corporation ("Chevron") for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings ("Application") came on *ex parte*. By its Application, Chevron seeks discovery from Steven Donziger. All evidence, arguments, and law having been duly considered the Court rules as follows:

The Application is GRANTED. The Court hereby GRANTS Chevron leave to serve Steven Donziger with the subpoena annexed to the Declaration of Kristen Hendricks as Exhibit RR.

In so ruling, the Court finds that the requirements of Section 1782 are met. First, the party to be subpoenaed resides or may be found in the Southern District of New York. Second, the discovery sought is for use in proceedings currently pending before two foreign tribunals: *Maria Aguinda y Otros v. Chevron Corporation* pending in the Provincial Court of Justice of Sucumbíos in Lago Agrio, Ecuador (the "Lago Agrio Litigation"), and *Chevron Corporation and Texaco Petroleum Company vs. Republic of Ecuador*, an international arbitration initiated by Chevron and Texaco in September 2009 pursuant to the provisions of the Bilateral Investment

Treaty between the United States and Ecuador (the "Treaty Arbitration"). Third, as a litigant in those proceedings, Chevron is an "interested person" within the meaning of Section 1782.

The Court further finds that the discretionary factors set out by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004) weigh in favor of granting the petition. Those factors are: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the receptivity of the foreign tribunal to federal-court assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the request is unduly intrusive or burdensome.

The Court finds that the party to be subpoenaed, Steven Donziger, is not a "participant" in either the Lago Agrio Litigation or the Treaty Arbitration within the meaning of Section 1782. Both BIT tribunals and Ecuadorian courts have been historically receptive to Section 1782 assistance from federal courts. Section 1782 previously has been applied to authorize discovery for matters pending in Ecuadorian courts, including the Lago Agrio Litigation itself. *See In re Application of Chevron Corp.*, No. M-19-111, 2010 WL 1801526 (S.D.N.Y. May 10, 2010); *In re Application of Chevron Corp. v. 3TM Consulting, LLC*, No. H-10-134, 2010 U.S. Dist. LEXIS 50113, at *13 (S.D. Tex. May 20, 2010); Order, *In re Application of Chevron Corp.*, No. 1:10-MI-0076-TWT-GGB (N.D. Ga. Mar. 3, 2010); Hearing Tr., *Chevron Corp. v. Stratus Consult. Inc., et al.*, No. 10-cv-00047-JLK (D. Colo. Mar. 4, 2010); Hearing Tr., *In re Application of Chevron Corp.*, No. 10-2675 (D.N.J. June 11, 2010); Order, *In re Application of Chevron Corp.*, No. 10-cv-01146 (S.D. Cal. June 23, 2010); *see also, e.g.*, *In re Compania Chilena de Navegacion Interoceanica S.A.*, No. 03 CV 5382 (ERK), 2004 U.S. Dist. LEXIS 6408 (E.D.N.Y. Jan. 29, 2004); *In re Noboa*, Nos. M18-302, M19-111, 1995 U.S. Dist. LEXIS 14402, at *1-2, 11-12 (S.D.N.Y. Oct. 3, 1995). The use of Section 1782 in arbitral proceedings under Bilateral

Investment Treaties and in other international arbitrations also is well established. *See, e.g., In re Application of Chevron Corp.*, 2010 WL 1801526, at *5-6; *Ukrnafta v. Carpatsky Petroleum Corp.*, No. 3:09-MC-265, 2009 U.S. Dist. LEXIS 109492, at *12-13 (D. Conn. Aug. 27, 2009).

The Court finds that the application does not conceal an attempt to circumvent foreign proof-gathering restrictions in either of the foreign proceedings. An applicant under Section 1782 need not show evidence to be discoverable or admissible in the foreign jurisdiction. *Intel Corp.*, 542 U.S. at 261. Rather, in determining whether an application is merely an effort to circumvent foreign proof-gathering restrictions, the consideration for a district court is whether the discovery is being sought in bad faith. *Minatec Fin. S.A.R.L. v. SI Group Inc.*, No. 1:08-CV-269 (LEK/RFT), 2008 U.S. Dist. LEXIS 63802, at *26 (N.D.N.Y Aug. 18, 2008). Based on the evidence submitted, Chevron's request for discovery is a good faith effort to obtain probative evidence. Finally, the Court finds that the discovery requests are not unduly intrusive or burdensome. The discovery requested goes to central issues in both foreign proceedings and would be permitted under the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: _____

_____
United States District Judge