# FRIEDMAN KAPLAN SEILER & ADELMAN LLP

BRUCE S. KAPLAN
EDWARD A. FRIEDMAN
GARY D. FRIEDMAN
BARRY A. ADELMAN
ERIC SEILER
ROBERT D. KAPLAN
ANDREW W. GOLDWATER
ROBERT J. LACK
GREGG S. LERNER
WILLIAM P. WEINTRAUB
RICHARD M. HOFFMAN
SCOTT M. BERMAN
GERALD ADLER
ERIC CORNGOLD
HAL NEIER
PHILIPPE ADLER
LANCE J. GOTKO
KATHERINE L. PRINGLE
MERYL S. ROSENBLATT
DANIEL B. RAPPORT
DAVID I. TANENBAUM
HALLIE B. LEVIN
ANNE E. BEAUMONT
MARY E. MULLIGAN
EMILY A. STUBBS
KENT K. ANKER
AMY C. BROWN
MALA AHUJA HARKER
RICARDO SOLANO JR.

1633 BROADWAY
NEW YORK, NY 10019-6708
TELEPHONE (212) 833-1100
FACSIMILE (212) 833-1250
WWW.FKLAW.COM

WRITER'S DIRECT DIAL
(212) 833-1101

WRITER'S DIRECT FAX
(212) 373-7901

E-MAIL
BKAPLAN@FKLAW.COM

HARVEY WEISSBARD
NORMAN ALPERT
ANDREW A. QUARTNER
ASAF REINDEL
COUNSEL

JESSICA A. MURZYN
JEFFREY C. FOURMAUX
LISA S. GETSON
JOHN N. ORSINI
JEFFREY R. WANG
CHAD M. LEICHT
JASON C. RUBINSTEIN
MICHAEL A. GORDON
ROBERT S. LANDY
RICKIE M. SONPAL
STEVEN E. FRANKEL
L. REID SKIBELL
EAMONN O'HAGAN
DANIEL R. GREENBERG
SHEELA V. PAI
JESSICA RICHMAN SMITH
KEVIN L. OBERDORFER
ELLEN LONDON
TIMOTHY M. HAGGERTY
JOHN C. LIN
ANDREW S. PAK
PHILIP A. WELLNER
BETTY W. GEE
AMY K. PENN
ANDREW LEVINE
GREGORY W. FOX
RAHUL AGARWAL
CHRISTOPHER M. COLORADO
KENNETH N. EBIE
KIZZY L. JARASHOW
BENJAMIN S. HOLZER

**MEMO ENDORSED**

August 16, 2010

BY ELECTRONIC TRANSMISSION

Hon. Lewis A. Kaplan
United States District Judge
United States Courthouse
500 Pearl Street - Room 1310
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED #: 8/17/10

Re:  In re Application of Chevron Corporation, et al.,
     No. 10-mc-0002 (LAK) (ALL CASES)

Dear Judge Kaplan:

   This firm represents Steven R. Donziger in the above-captioned matter. I write to respectfully request a two-week extension of Mr. Donziger's time to object, respond, and, if necessary and appropriate, move to quash or modify the subpoenas that were served upon Mr. Donziger pursuant to Your Honor's August 6, 2010 Order. The subpoenas were served upon Mr. Donziger on August 9, 2010, and they command the production of documents by 9 a.m. on August 18, 2010.

   This firm was engaged to represent Mr. Donziger in this matter on the afternoon of Friday, August 13, 2010. Since then, we have worked diligently to become familiar with the voluminous record relevant to the applications under 28 U.S.C. § 1782 and the subpoenas. The ex parte applications by Chevron Corporation and Rodrigo Perez Pallares and Ricardo Reis Veiga (the "applicants") were accompanied by 99 exhibits comprising many hundreds of pages, in five bound volumes more than a foot high, as well as references to the other similar proceedings that the petitioners have initiated in this District and other Districts across the country. Additional time would enable us to complete a careful review of these materials and proceedings.

909045.1

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

Hon. Lewis A. Kaplan         - 2 -         August 16, 2010

      Likewise, the subpoenas themselves require additional time to review. The subpoena issued by Chevron includes 25 pages of definitions, instructions and document requests, including 68 separate document requests (many of which cross-reference multiple definitions), 47 definitions (one of which, "CRIMINAL CASES," is more than one page long and references eighteen separate proceedings or investigations), and 11 technical instructions. The subpoena issued by Messrs. Pallares and Veiga is similar – it contains 58 categories of documents to be produced, 45 definitions, and 11 instructions.

      The complexity in responding to the subpoenas is heightened by the fact that they seek documents related to litigation in which Mr. Donziger is currently acting as counsel. Many of the documents and communications requested by the Subpoenas, including communications and documents prepared by Mr. Donziger and his colleagues, are privileged. Any production in response to the subpoena would need to be preceded by a privilege review that, given the breadth of the requests, would take a substantial length of time.

      Given the breadth and complexity of the subpoenas, the period of time afforded by the petitioners – less than nine full days (the subpoenas were served on August 9 and are returnable at 9 a.m. on August 18) – is inadequate. Accordingly, I respectfully request that Mr. Donziger's period to respond to the subpoenas be extended, for all purposes (including, but not limited to, any objections, motions to quash or modify or other requests for relief from the Court's August 6 Order pursuant to 28 U.S.C. § 1782) to September 1, 2010.

      This morning, I spoke with counsel for each of the applicants to request this two-week extension. Counsel advised me that they would revert to me after conferring among themselves. A few minutes ago Mr. Mastro telephoned me to advise that neither Chevron nor the individual applicants consented to my request. I submit this letter to Your Honor now in order to comply with Your Honor's Individual Practices, which require requests for adjournments or extensions to be submitted not less than two days before the relevant due date.

Respectfully,

Bruce S. Kaplan

**MEMO ENDORSED**

cc:   Randy M. Mastro, Esq.
      Kevin Taylor Baine, Esq.
      Paul Edouard Dans, Esq.

909045.1

*The time within which to file any motion to quash is extended to and including August 27, 2010. The time within which to respond in any other respect is extended until Sept. 1, 2010.*

SO ORDERED,

Lewis A. Kaplan, U.S.D.J.    8/17/10