UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Application of CHEVRON CORPORATION, et al.<br><br>This Document Applies to: ALL CASES. | 10-mc-0002 (LAK) |

# LAGO AGRIO PLAINTIFFS' RESPONSE TO THE COURT'S
# ORDER TO SHOW CAUSE

Emery Celli Brinckerhoff & Abady LLP
75 Rockefeller Plaza, 20th Floor
New York, New York 10019
(212) 763-5000

On August 24, 2010, the Court ordered Plaintiffs' Counsel to show cause "why their purported appearances on behalf of the so-called Lago Agrio plaintiffs [DI 17, 18, 19] should not be stricken on the ground that the Lago Agrio plaintiffs are not parties to this proceeding." Dkt. No. 20.  As discussed below, the appearances should not be stricken because, as recognized by every court to ever consider the issue, including the Second Circuit Court of Appeals, the Lago Agrio plaintiffs have standing to appear in this proceeding as the "targets" of the foreign proceedings which Petitioners' 28 U.S.C. § 1782 are purportedly in aid of.  They also have standing to assert their own attorney-client and work product privileges.  Therefore, Plaintiffs' Counsel respectfully request the Court's Order to Show Cause be discharged.

## BACKGROUND

The Court is familiar with the background and procedural history of the case.  Plaintiffs' Counsel thus only recite the facts relevant to the Order to Show Cause.

Petitioner Chevron Corporation ("Chevron")[1] initiated this petition pursuant to 28 U.S.C. § 1782, seeking the issuance of a subpoena to Steven Donziger on the basis that it "is reasonably calculated to lead to the discovery or evidence relevant to the Lago Agrio Litigation, the Treaty Arbitration, and the related criminal proceedings." Dkt. No. 11 ("Chevron Br.") at 21.  As Chevron explains, "the Lago Agrio Litigation" refers to "the case of *Maria Aguinda y Otros v. Chevron*, pending in Lago Agrio, Ecuador."  *Id.* at 1.  Steven Donziger is one of the attorneys for the plaintiffs in the Lago Agrio Litigation.  *Id.*

On August 19, 2010, attorneys Ilann M. Maazel and Ogilvie Andrew Fraser Wilson filed notices of appearance in the instant proceedings on behalf of the plaintiffs in the Lago Agrio Litigation.  Dkt. Nos. 17-18.  On August 24, 2010, attorney Jonathan S. Abady filed an

---

[1] Individuals Ricardo Reis Veiga and Rodrigo Perez Pallares subsequently filed an action, consolidated with Chevron's proceeding.

additional notice of appearance on behalf of the Lago Agrio Plaintiffs.  On August 27, 2010, the Lago Agrio Plaintiffs, via these counsel, filed a Motion to Quash the Subpoena of Steven Donziger, arguing, *inter alia*, that the subpoenas are improper under 28 U.S.C. § 1782, they seek information that violates the attorney-client and work-product privileges, and that they should be quashed pursuant to Fed. R. Civ. Pro. 26 and 45.  Dkt. No. 27.

## ARGUMENT

**I.  THE ADVERSE PARTY IN THE UNDERLYING FOREIGN PROCEEDING HAS STANDING TO CHALLENGE ANY DISCOVERY SOUGHT UNDER 28 U.S.C. § 1782**

A petition brought under 28 U.S.C. § 1782, by its definition, relates to "a proceeding in a foreign or international tribunal."  28 U.S.C. § 1782(a).  The Second Circuit, other Courts of Appeals, and other courts within this District have consistently held that the adverse party to the petitioner in the underlying foreign proceeding ("the target") has standing to participate in section 1782 proceedings, even where the petition does not seek discovery from that adverse party.

As a party against "whom information obtained under section 1782 may be used," the Lago Agrio Plaintiffs are proper participants in this proceeding.  *In re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689 (D.C. Cir. 1989).  As then-Circuit Judge Ginsburg noted in that case, rejecting a challenge to such a party's standing to bring a motion to quash a subpoena of a third party,  "[t]he precedent in point is uniform." *Id.*  Following this uniform precedent, and adopting the D.C. Circuit's explanation, the Second Circuit more recently noted that "standing to oppose subpoenas issued under § 1782 is [not] limited to the subpoenaed witness" in *Application of Sarrio, S.A.*, 119 F.3d 143, 148 (2d Cir. 1997).  It explained:

> We have recognized, though implicitly, that parties against whom the requested information will be used may have standing to challenge the lawfulness of discovery orders directed to third parties. *See In re Letters Rogatory Issued by Dir. of Inspection of Gov't of India*, 385 F.2d 1017 (2d Cir. 1967) (quashing subpoenas directed to third-party witness on motion of party aggrieved by discovery order); *see also In re Request for Int'l Judicial Assistance*, 687 F. Supp. 880, 887 (S.D.N.Y. 1988) (finding that targets of foreign inquiry have standing to oppose § 1782 discovery order directed to third parties on grounds that documents were outside the statute's scope), rev'd on other grounds 936 F.2d 702 (2d Cir. 1991) (no discussion of standing issue). As the Sixth Circuit explained, the ultimate targets of a § 1782 discovery order issued to third parties have "standing to challenge the district court's power to issue a subpoena under the terms of an authorizing statute." *In re Letter Rogatory from Justice Court, Montreal*, 523 F.2d 562, 564 (6th Cir. 1975). Because Congress has intervened to define the scope of United States judicial assistance in response to letters rogatory, "a party against whom the requested information is to be used has standing to challenge the validity of such a subpoena on the ground that it is in excess of the terms of . . . § 1782." *Id.; see also In re Letter of Request from Crown Prosecution Serv. of United Kingdom*, 870 F.2d 686, 689 (D.C. Cir. 1989) ("[O]ne against whom information obtained under section 1782 may be used, has standing to assert that, to his detriment, the authority for which the section provides is being abused.").

119 F.3d at 148. No court has ever held otherwise, and several additional courts have reached the same conclusion as the *Sarrio* court. *See, e.g., In re Request for Judicial Assistance from the Seoul Dist. Crim. Court, Seoul, Korea*, 555 F.2d 720, 723 (9th Cir. 1977) (target of Korean criminal investigation has standing to challenge a section 1782 petition seeking production of records from a California bank); *Application of Sumar*, 123 F.R.D. 467, 471 (S.D.N.Y. 1988) ("a foreign citizen aggrieved by an order under Section 1782 has standing to oppose the provision of judicial assistance to foreign authorities thereunder").

In addition to this explicit (and in the case of the Second Circuit, binding) authority, the well-established practice of allowing the targets of 1782 proceedings to partake in those proceedings, and courts' consistent rulings on the merits of motions brought by target

3

parties challenging subpoenas of third parties in 1782 proceedings, is highly persuasive.  *See, e.g, In re Int'l Judicial Assistance (Letter Rogatory) for the Fed. Rep. of Brazil*, 936 F.2d 702 (2d Cir. 1991); *In re Letters Rogatory Issued by the Dir. of Inspection of the Gov't of India*, 385 F.2d 1017 (2d Cir. 1967); *London v. Does 1-4*, 279 F. App'x 513 (9th Cir. 2008); *Lopes v. Lopes*, 180 F. App'x 874 (11th Cir. 2006); *In re Xavier*, No. 05-12218, 2006 WL 858489 (11th Cir. Apr. 4, 2006); *United States v. Sealed 1, Letter of Request for Legal Assistance from the Deputy Prosecutor Gen. of the Russian Fed.*, 235 F.3d 1200 (9th Cir. 2000); *Republic of Kazakhstan v. Biedermann Int'l*, 168 F.3d 880 (5th Cir. 1999); *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office*, 16 F.3d 1016 (9th Cir. 1994); *Application of Asta Medica, S.A.*, 981 F.2d 1 (1st Cir. 1992); *In re Request for Assistance with Ministry of Legal Affairs*, 848 F.2d 1151 (11th Cir. 1988); *In re Application of Eli Lilly & Co.*, No. 3:09MC296(AWT), 2010 WL 2509133 (D. Conn. Jun. 15, 2010); *In re Application of Nat'l Broad. Co.*, No. M-77 (RWS), 1998 WL 19994 (S.D.N.Y. Jan. 21, 2008); *In re Imanagement Servs., Ltd.*, No. Misc. 05-89(FB), 2005 WL 1959702 (E.D.N.Y. Aug. 16, 2005); *In re Letters of Request from Supreme Court of Hong Kong*, 821 F. Supp. 204 (S.D.N.Y. 1993); *In re Application of CBG Corp. Geneva for Judicial Assistance*, 1997 WL 348053, No. 3:96 MC 229(EBB) (D. Conn. Feb. 28, 1997).[2]

---

[2]  This does not include any of the eleven other section 1782 proceedings across the country, including in this Court, in which the Lago Agrio Plaintiffs have participated.  *Chevron Corp. v. Stratus Consulting, Inc.*, No. 10-cv-00047 (D. Colo.); *In re Application of Chevron Corp.*, No. 10-cv-02675 (D.N.J.); *In re Application of Chevron Corp.*, No. 10-MI-0076 (N.D. Ga.*); In re Application of Chevron Corp.*, No. 10-cv-01146 (S.D. Cal.); *In re Application of Chevron Corp., et al.*, No. 1:10-mc-00001-LAK (S.D.N.Y.); *In re Application of Chevron Corp.*, No. H-10-134 (S.D. Tex.); *In re Application of Chevron Corp.*, No. 3:10-cv-00686 (M.D. Tenn.); *In re Application of Chevron Corp.*, No. 1:10-mc-00021 (D.N.M.); *Pallares et al. v. Kamp et al.*, No. 1:10-mc-00022 (D.N.M.) *Chevron Corp. v. Champ*, No. 1:10-mc-00027 (W.D.N.C.); *Pallares et al. v. Champ*, No. 1:10-mc-00028 (W.D.N.C.).

To recognize such standing serves principles of both efficiency and fairness. As Professor Hans Smit, the author of section 1782, has explained, when a party seeks a court order to aid discovery under section 1782, it seeks to impose an obligation that

> may affect the interests of adverse parties in the proceeding before the foreign or international tribunal. That being so, the adverse parties should be notified. Such notification may also alleviate the burdens of the person from whom the evidence is sought. In the generality of cases, that person can rely on the adverse party's contesting the application and need not expend the money and effort to contest the application itself.

Hans Smit, American Assistance to Litigation in Foreign & International Tribunals: Section 1782 of Title 28 of the U.S.C. Revisited, 25 Syracuse J. Int'l L. & Com. 1, 16-17 (1998).

The Second Circuit has previously noted the legal fiction that is at issue here. In *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79 (2d Cir. 2004), petitioners sought to utilize section 1782 to obtain discovery from the American lawyers representing the plaintiffs in a German proceeding. Affirming Judge Stein's denial of discovery, the court noted: "Although technically the respondent in the district court was Cravath, for all intents and purposes petitioners are seeking discovery from DT, their opponent in the German litigation." 376 F.3d at 85.[3] The same legal fiction applies here.[4]

---

[3] This fiction is also reflected in the captioning practice of several courts, labeling the parties in the foreign proceedings as the parties in the section 1782 proceedings. *See, e.g.*, *Lopes v. Lopes*, 180 F. App'x 874 (11th Cir. May 11, 2006) (consideration of Mrs. Lopes's section 1782 petition for nonparty discovery relating to foreign proceeding against Mr. Lopes); *Republic of Kazakhstan v. Biedermann Int'l*, 168 F.3d 880 (5th Cir. 1999) (consideration of Kazakhstan's section 1782 petition for nonparty discovery related to foreign proceeding against Biedermann International).

[4] In addition, as extensively briefed elsewhere and also noted by the Second Circuit, Chevron's BIT proceeding is no more than an attempt to dismiss Plaintiffs' case in Lago Agrio case in a different forum. *See* Dkt No. 29-8 (Transcript of Oral Argument, *Republic of Ecuador v. Chevron Corp., et al.* 2d Cir. Case No. 10-1020-cv(L)) at 55:12-18 (Judge Raggi: "It seems to me then that the point of the [BIT] litigation is . . .to get this [Ecuadorian] lawsuit dismissed.") and at 63:10-12 (Judge Lynch: ". . .[Y]ou are asking the folks in the Hague, the [BIT] arbitrators, to—to effectively decide that you will never be liable to the [Ecuadorian] plaintiffs, period.");

## II.     PARTIES ALSO HAVE STANDING TO MOVE TO QUASH A SUBPOENA WHERE IT IMPLICATES THEIR OWN PRIVILEGE

In addition, the Ecuadorian Plaintiffs have standing to assert the attorney-client and work product privileges to challenge the subpoena of their own attorney, for use in any proceeding. *See, e.g.*, *Chevron Corp. v. Stratus Consulting, Inc.*, No. 10-cv-00047-MSK-MEH, 2010 WL 2135217, at *3 (D. Colo. May 25, 2010) (in related 1782 petition, "As the Ecuadorian Plaintiffs assert privilege, they enjoy standing to challenge the subpoenas").

Courts have widely concluded that a party has standing to move to quash a subpoena directed at a third party if the discovery sought would effect its own right or privilege. *See, e.g., In re Rule 45 Subpoena Issued to Cablevision Sys. Corp.*, No. MISC 08-347(ARR)(MDG), 2010 WL 2219343, at *4 (E.D.N.Y. Feb. 5, 2010); *Estate of Ungar v. Palestinian Auth.*, 400 F. Supp.2d 54, 554  (S.D.N.Y. 2005); *Allocco Recycling, Ltd. v. Doherty*, 220 F.R.D. 407, 410-11 (S.D.N.Y. 2004); *United States v. Chen De Yian*, No. 94 Cr. 719 (DLC), 1995 WL 614563, at *2 (S.D.N.Y. Oct. 19, 1995).  The attorney-client privilege belongs solely to the client, and thus the only party that can assert that privilege is the client. *Sarrio*, 119 F.3d at 147;  *In re Honeywell Int'l, Inc. Securities Litig.*, 230 F.R.D. 293, 297 n. 2 (S.D.N.Y. 2003).  The work product privilege belongs to both clients and attorneys and thus either attorney or client may assert it. *In re Sealed Case*, 676 F.2d 793, 812 n. 75 (D.C. Cir. 1982); *In re Doe*, 662 F.2d 1073 (4th Cir. 1981);  *In re Subpoena Duces Tecum Served on N.Y. Marine & Gen. Ins. Co.*, No. M 8-85 MHD, 1997 WL 599399, at *5 (S.D.N.Y. Sept. 26, 1997).  As Mr. Donziger's clients, the Lago Agrio

---

Dkt No. 30-7 (Complaint in *Yaiguaje v. Chevron*, No. 10 Civ. 0316); Dkt. No. 30-17 (Chevron's Notice of Arbitration) ¶¶ 30-34 (conceding it seeks dismissal of the Lago Agrio litigation).  As to the two Chevron lawyers, Messrs. Perez and Veiga, their subpoenas are returnable to Chevron's counsel in this action, largely parrot the Chevron subpoena, and serve to provide Chevron an alternate route to the same discovery to aid Chevron in the Lago Agrio case.  The Chevron lawyers have never stated they would restrict discovery to their criminal case; to the contrary, their intent is to provide the discovery to their employer in aid of the Lago case.

6

Plaintiffs have standing to assert their attorney-client and work product privileges, thus presenting an independent basis for their participation in this case.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request the Court's Order to Show Cause be discharged.

Dated: September 3, 2010
      New York, New York

                                    EMERY CELLI BRINCKERHOFF
                                    & ABADY LLP

                                        /s/ Ilann M. Maazel
                                    _____

                                    Jonathan S. Abady
                                    Ilann M. Maazel
                                    O. Andrew F. Wilson

                                    75 Rockefeller Plaza, 20th Floor
                                    New York, New York 10019

                                    (212) 763-5000

                                    *Attorneys for the Lago Agrio Plaintiffs*