```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
In re Application of

CHEVRON CORPORATION                                                    10 MC 00002 (LAK)

This Document Applies to ALL CASES
------------------------------------------------------------------ x
```

## ORDER

Lewis A. Kaplan, *District Judge.*

        Steven Donziger and the Lago Agrio plaintiffs have presented the Court with an order to show cause to bring on a motion for a stay pending appeal from the memorandum opinion filed yesterday, a slightly corrected version of which was filed this morning. The proposed order to show cause seeks also that the order contained in the memorandum opinion be stayed pending the determination of the motion for a stay pending appeal. The Court has heard counsel orally, although Chevron and the Individual Petitioners have not had an opportunity to file papers in response to the motion.

*The Standard*

        In determining whether to issue a stay pending appeal, the Court considers "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'"[1] "The necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other [stay] factors."[2] As the present application – which seeks a temporary stay pending determination of the motion for a stay pending appeal – bears the same relation to the relief sought on the motion as an application for a temporary restraining order bears to a motion for a preliminary injunction, the Court considers the same factors at this preliminary stage, bearing in mind that it does so without the party opposing the stay having had a full opportunity to be heard and that the analysis may have to be revisited when the motion is fully briefed and argued. Before proceeding to that analysis, however, it is important to bear in mind what has occurred already, as Donziger and the Lago Agrio plaintiffs now seek relief from this Court that already has been denied by the Court of Appeals.

*The Unsuccessful Application for a Stay Pending Appeal in the Court of Appeals*

        On October 20, 2010, this Court denied motions by Donziger and the Lago Agrio plaintiffs

---

[1] *In re World Trade Ctr. Disaster Site Litig.,* 503 F.3d 167, 169 (2d Cir. 2007) (quoting *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987)).

[2] *Mohammed v. Reno,* 309 F.3d 95,101 (2d Cir. 2002) (quoting *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.,* 559 F.2d 841, 843 (D.C.Cir. 1977)) (internal quotation marks omitted).

to quash the subpoenas at issue here, ruled that they had waived an attorney-client or other privilege that otherwise might have applied, and directed them to comply with the subpoenas forthwith. (The October 20 order is referred to hereafter as the Summary Order.) They did not comply. A week later, they bypassed this Court in contravention of Fed. R. App. P. 8 and sought a stay pending appeal from the Court of Appeals. In doing so, they repeatedly represented to the Court of Appeals that the Summary Order required that they produce the documents called for by the subpoenas and that a stay was required in order to prevent their privilege claims from being destroyed. Memorandum Opinion, Nov. 30, 2010 [DI 124] at 11-12. While they obtained an interim stay of the Summary Order from the Court of Appeals, a full panel of that Court vacated the interim stay and denied a stay pending appeal on November 15, 2010.

In the decision from which Donziger and the Lago Agrio plaintiffs now say they intend to appeal,[3] this Court, insofar as is relevant here, did only this: it reconsidered its prior conclusion that the alleged privileges had been waived but, on reconsideration, adhered to the prior ruling. The aspect of the order that Donziger and the Lago Agrio plaintiffs wish stayed – that Donziger produce the documents responsive to the subpoena forthwith – is the same as the Summary Order, which the Court of Appeals already has refused to stay pending appeal. The Court of Appeals ruling appears to be the law of the case and, in any event, persuasive. This Court therefore denies the interim relief sought pending the hearing and determination of the Donziger-Lago Agrio motion before this Court for a stay pending appeal. It nevertheless considers the stay factors without regard to this conclusion against the possibility that the Court of Appeals might regard this Court as being free to do so.

*The Stay Factors*

      1.    *Likelihood of Success*

The fundamental question on the appeals from the Summary Order and on any appeals from the latest decision will be whether this Court erred as a matter of law or abused its discretion in concluding that Donziger and the Lago Agrio plaintiffs waived an attorney-client privilege or other protection from disclosure by failing either to submit a privilege log with their motion to quash or to obtain an extension of time within which to do so, as clearly was required by S.D.N.Y. CIV. R. 26.2(c). For reasons set forth in the Summary Order, the November 5, 2010 opinion on the motions to quash,[4] and the latest opinion,[5] this Court considers the movants' prospects for success on appeal to be quite small.

      2.    *Irreparable Injury Absent a Stay*

Donziger and the Lago Agrio plaintiffs – well after they were held to have waived any privilege and had been ordered to produce all documents responsive to the subpoenas – produced a purported privilege log of more than 2,000 pages listed 8,652 allegedly privileged documents. Naturally, it is possible that some number of documents which, but for the waiver, would have been protected by the attorney-client

---

[3] No notice of appeal has been filed.

[4] *In re Application of Chevron Corp.,* No. 10 MC 0002 (LAK), 2010 WL 4449197 (S.D.N.Y. Nov. 5, 2010).

[5] DI 124.

privilege or the work product doctrine, are included. But this possibility is substantially undermined by the apparently uncritical attempts to claim privilege as to all sorts of things as to which there never would have been any privilege protection in the first place. This is addressed briefly in the most recent decision,[6] and time does not permit a more extensive discussion here. That said, however, there is some possibility that the applicants would suffer some irreparable injury were a stay denied and the decisions appealed from reversed, although they have not made much of a showing because of the apparently overblown claims.

### 3.  *Irreparable Injury if a Stay Were Granted in Error*

It is quite plain that the Individual Petitioners are threatened with irreparable injury if a stay were granted and they ultimately prevailed on appeal. They face a January 5, 2011 preliminary hearing in Ecuador at which the court will determine whether to dismiss criminal charges against them or proceed to trial. They seek evidence for use at that preliminary hearing. It appears that it would be impossible for them to obtain the documents and to conduct a deposition of Donziger, informed by those materials, in time to use that evidence on January 5 unless they get it right now. Even the expedited appeals in the Second Circuit, scheduled to be heard on December 9 – and those are not the appeals pending for which a stay now is sought, which are appeals from the latest decision – would be unlikely to get the materials to the Individual Plaintiffs in time.

Donziger and the Lago Agrio plaintiffs argue in their memorandum that Chevron is threatened with no irreparable harm because a judge in the Lago Agrio case, since removed from the case, said last June that he "foresee[s] that a decision may possibly be arrived at in 8 to 10 months," i.e., in in February to April 2011. Donziger Mem. at 4 n.2. They do not there mention, however, that the judge stated also that "this period may vary due to reasons beyond our control, or events we cannot foresee at this time in connection with the proceedings." Pulver Decl. Ex. 2.

This indication from the former judge in Ecuador, even with his caveat, in ordinary circumstances, might have given some comfort. But these are not ordinary circumstances.

First, that judge no longer is responsible for the case. As the Lago Agrio plaintiffs conceded at argument this morning, the current judge could act either more slowly or more quickly.

Second, the Lago Agrio plaintiffs repeatedly have refused to cooperate in seeking a stay of the civil litigation in Ecuador to allow more deliberate handling of the controversies before this Court. If in fact no decision is expected until February to April 2011, it would appear to cost them nothing to stipulate that the matter in Ecuador should be stayed for that purpose. Their refusal therefore is extremely suspicious.

This is especially so in light of Donziger's numerous statements about the Ecuadorian courts. As detailed in the November 5 opinion, Donziger previously has made the following among many other unsettling statements:

> "They're all [i.e., the Ecuadorian judges] corrupt! It's – it's their birthright to be corrupt."[7]

---

[6] *E.g., id.* at 24-25.

[7] Hendricks Decl. II Ex. A, CRS-053-02-03.

4

> "The only language that I believe this judge is going to understand is one of pressure, intimidation and humiliation. And that's what we're doing today. We're going to let him know what time it is. . . . As a lawyer, I never do this. You don't have to do this in the United States. It's dirty. . . . It's necessary. I'm not letting them get away with this stuff."[8]

> "The judicial system is so utterly weak. The only way that you can secure a fair trial is if you do things like that. Like go in and confront the judge with media around and fight and yell and scream and make a scene. That would never happen in the United States or in any judicial system that had integrity."[9]

> "At the end of the day, this is all for the Court, just a bunch of smoke and mirrors and bullshit."[10]

A stay pending appeal would threaten Chevron with the risk that Donziger and the Lago Agrio plaintiffs, perhaps aided by the Ecuadorian government, would pressure or otherwise induce the new Ecuadorian judge to act in a manner inconsistent with the qualified 8 to 10 month "expectation" to which his predecessor once alluded. Chevron thus faces the risk that it suddenly could be confronted with a multibillion dollar judgment and deprived of the opportunity to resist such a contingency with the benefit of the discovery that this Court has determined that it is entitled to have.

        4.     *Other Factors*

The public interest does not cut for or against either party. One other point, however, is pertinent.

This application appeals to equity. It is a venerable maxim of that branch of our jurisprudence that "he who seeks equity must do equity." This Court regards the refusal of the Lago Agrio plaintiffs to agree to an appropriate stay in Ecuador while seeking extensive delay in our courts as inequitable.

*Conclusion*

As indicated above, the Individual Petitioners clearly are faced with an immediate threat of irreparable injury if any stay, even the interim stay sought at the moment, were granted. For them, every second counts. Chevron too is threatened with irreparable injury in that event, although the immediacy of that threat over the next days is less clear.

On the other hand, the applicants too face some risk of irreparable injury if a stay were denied and they ultimately were to prevail, although the extent of that injury has been overblown

---

[8] *Id.,* CRS-052-00-06.

[9] *Id.,* CRS-053-02-01.

[10] *Id.,* CRS-195-05-01.

5

substantially and is not well supported.

In these circumstances, the applicants' lack of a strong likelihood of success on appeal, especially coupled with the threat of irreparable injury to the Individual Petitioners, is compelling. The motion for interim relief pending the briefing and determination of the motion for a stay brought on by the order to show cause, which the Court will sign, is denied. The motion will be heard on an expedited basis. The inequitable conduct of the applicants is unnecessary to but reinforces this conclusion.

SO ORDERED.

Dated:    November 30, 2010

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)