```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-3-10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
In re Application of

CHEVRON CORPORATION                                                    10 MC 00002 (LAK)

This Document Applies to ALL CASES
------------------------------------------------------------------- x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

      This matter is before the Court on the motion of Steven Donziger and the Lago Agrio plaintiffs (the "LAP"), brought on by order to show cause dated November 30, 2010, for a stay pending appeal of this Court's order of November 29, 2010, which directed Donziger to produce forthwith all documents responsive to the subpoenas previously issued in this matter (the "Order").

### Background

      At the time the order to show cause was presented, Donziger and the LAP sought an interim stay of the Order pending the hearing and determination of this motion – in effect, a stay pending a decision on the motion for a stay. The Court denied that application in a reasoned order issued the same day. *In re Chevron Corp.*, No. 10 MC 00002 (LAK), 2010 WL 4861351 (S.D.N.Y. Nov. 30, 2010); DI 125. The LAP and Donziger then moved in the Court of Appeals for an emergency stay of the Order pending appeal, but the Court of Appeals denied that motion on December 1, 2010. In the meantime, Donziger on November 30, 2010 produced to Chevron and the Individual Petitioners what they have represented to be all of the documents called for by the subpoenas that had not previously been produced, viz. those documents that had been withheld pursuant to claims of privilege.

### Discussion

      The reasoning underlying this Court's November 30 order, which denied the interim stay pending disposition of this motion, is fully applicable at this stage and is entirely sufficient to justify denial of the motion. Two additional points make the case for denial at this stage even stronger now.

      First, the Court of Appeals now has denied the movants' motion for a stay of the Order pending appeal. The fact that it did so compels or, at least, suggests that no stay pending appeal is warranted.

Second, when Donziger and the LAP made this motion and sought the interim stay, they represented to this Court that "clearly without a stay all of that [the allegedly privilege documents] has to be turned over to the other side now and once that genie is out of the bottle it obviously can't be put back in." Tr., Nov. 30, 2010, at 3:18-20. They repeated this to the Court of Appeals in their emergency stay application later that day:

> "The irreparable injury to Donziger and the Lago Agrio Plaintiffs here is overwhelming. First, production will essentially moot the appeal. '[L]oss of appellate rights is a quintessential form of prejudice . . . .'

> "Second, the production of privileged materials – *thousands* of privileged materials – is at stake. As this Court stated, 'an order that information be produced that brushes aside a litigant's claim of a privilege not to disclose, leaves only an appeal after judgment as a remedy. Such a remedy is inadequate at best. Compliance with the order destroys the right sought to be protected . . . . Often, to deny review is to deny the privilege.' *In re von Bulow*, 828 F.2d 94, 98 (2d Cir. 1987). That is this case." *Lago Agrio Plaintiffs v. Chevron Corp.*, Nos. 10-4341(L), 10-4405-cv, Dkt. Item 180-2, at 17 (2d Cir. filed Nov. 30, 2010) (emphasis in original).

Now that the documents have been produced, the claim that movants are threatened with irreparable injury absent a stay no longer has even the limited force it had four days ago, which even then was substantially outweighed by the threat of irreparable injury to the opposing parties if a stay were granted. Moreover, likelihood of Donziger and the Lago Agrio plaintiffs succeeding on appeal is even more remote given their assertions "once the genie is out of the bottle it obviously can't be put back in" and that production would "essentially moot the[ir] appeal."

*Conclusion*

The motion for a stay pending appeals is denied.

SO ORDERED.

Dated:        December 3, 2010

Lewis A. Kaplan
United States District Judge