UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of December, two thousand and ten.

PRESENT:   JOSÉ A. CABRANES,
                    DENNY CHIN,
                              *Circuit Judges*,
                    EDWARD R. KORMAN,
                              *District Judge.*[*]

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: DEC. 15, 2010

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LAGO AGRIO PLAINTIFFS and STEVEN R. DONZIGER,

      *Respondents-Appellants*,

      -v.-                                               Nos. 10-4341-cv; 10-4405-cv(CON)

CHEVRON CORPORATION, RICARDO REIS VEIGA, and
RODRIGO PEREZ PALLARES,

      *Petitioners-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FOR RESPONDENTS-APPELLANTS:   JAMES E. TYRRELL, JR., Patton Boggs LLP, New York, NY; and Ilann M. Maazal (Jonathan S. Abady, O. Andrew F. Wilson, and Adam R. Pulver, *on the brief*), Emery Celli Brinckerhoff & Abady LLP, New York, NY, *for Respondents-Appellants the Lago Agrio Plaintiffs.*

---

[*] The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

1

MANDATE ISSUED ON 12/15/2010

|  |  |
|---|---|
|  | BRUCE S. KAPLAN (Robert D. Kaplan, *on the brief*), Friedman Kaplan Seiler & Adelman LLP, New York, NY, *for Respondent-Appellant Donziger.* |
| **FOR PETITIONERS-APPELLEES:** | RANDY M. MASTRO (Andrea E. Neuman, William E. Thomson and Scott A. Edelman, *on the brief*), Gibson, Dunn & Crutcher LLP, New York, NY, Irvine, CA, and Los Angeles, CA, *for Petitioner-Appellee Chevron Corporation.* |
|  | ANDRÉS RIVERO (Jorge A. Mestre and Paul E. Dans, *on the brief*), Rivero Mestre, LLP, Miami, FL, *for Petitioner-Appellee Rodrigo Pérez Pallares*. |
|  | ALAN VINEGRAD (Jason P. Criss and Natalie MacLean Leino, *on the brief*), Covington & Burling LLP, New York, NY, *for Petitioner-Appellee Ricardo Reis Veiga*. |

Appeal from October 20 and November 29, 2010, orders of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the District Court be **AFFIRMED**.

We are presented with two of the many cases percolating in the federal courts arising from efforts by petitioners-appellees, Chevron Corporation and two of its attorneys ("the Individual Petitioners"), to obtain discovery in the United States pursuant to 28 U.S.C. § 1782 in aid of defending themselves against civil litigation—brought by respondents-appellants the Lago Agrio Plaintiffs ("LAP")—and/or criminal prosecution in Ecuador. Here, petitioners secured subpoenas requiring respondent-appellant Steven Donziger, a New York attorney advising the LAP, to submit to a deposition and to produce certain documents related to his conduct with respect to the foreign proceedings. On appeal, respondents argue that the District Court erred in denying their request to quash the subpoenas, *In re Chevron Corp.*, — F. Supp. 2d —, 2010 WL 4910248, at *23 (S.D.N.Y. Nov. 10, 2010), and in ordering Donziger to produce "each and every document responsive to the subpoenas (irrespective of whether any privilege or other protection against disclosure has been or hereafter is or may be claimed) forthwith," *In re Chevron Corp.*, No. 10-MC-00002, 2010 WL 4922312, at *13 (S.D.N.Y. Nov. 30, 2010).[1]

---

[1] While respondents-appellants appeal from orders of the District Court originally filed on October 20 and November 29, 2010, the District Court corrected and expanded on those orders on November 10 and November 30, 2010, respectively. For ease of reference we cite exclusively to the later opinions.

We review decisions of a district court regarding whether to quash a subpoena and the waiver of attorney-client privilege under the same "abuse of discretion" standard. *Compare Schmitz v. Bernstein Leibhard & Lifshitz, LLP*, 376 F.3d 79, 85 (2d Cir. 2004) (discussing the standard of review for decisions regarding whether to quash subpoenas), *with In re Grand Jury Proceedings*, 219 F.3d 175, 182 (2d Cir. 2000) (discussing the standard of review for decisions regarding whether there has been a waiver of attorney-client privilege). It is well settled that "[a] district court has abused its discretion if it [has] based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (citation, alterations, and quotation marks omitted). After an independent review of the record, we conclude, substantially for the reasons stated by the District Court in its orders of November 10 and November 30, 2010, that the District Court did not abuse its discretion. We therefore affirm the October 20 and November 29, 2010, orders of the District Court and we remand the cause to the District Court for further proceedings consistent with this order.

With regard to Donziger's argument that the District Court erred in requiring him to share the costs associated with the Special Master appointed to adjudicate claims of privilege asserted during the deposition, it may be that requiring a third-party to bare the burden of discovery in depositions that are designed to strengthen petitioners' hands in foreign litigation and international arbitration is inequitable, and that requiring petitioners to bear those costs would encourage them to resolve such these § 1782 claims more quickly. Until the court-appointed master's work is completed, however, it is difficult to assess the extent to which the parties' conduct has facilitated or deterred an orderly and expeditious resolution of these issues. We therefore hold that the Special Master shall recommend to the District Court an allocation of costs to the parties pursuant to Federal Rule of Civil Procedure 53(g)(3) at the conclusion of his work. In the interim, the costs of the Special Master shall be divided between Chevron and the Individual Petitioners according to a formula of their choosing, or in the alternative, a formula adopted and directed by the District Court.

Finally, two points are worth noting. First, as this panel observed at oral argument and the District Court stressed several times in its orders, *see, e.g., In re Chevron Corp.*, 2010 WL 4922312, at *2, the severity of the consequences imposed by the District Court in this case are justified almost entirely by the urgency of petitioners' need for the discovery in light of impending criminal proceedings in Ecuador. We recognize that the parties' ability to influence the pace of the Ecuadorian criminal justice system may be limited. However, to the extent that the parties can successfully petition the Government of Ecuador to postpone the preliminary hearing scheduled for January 5, 2011 in the Individual Petitioners' criminal proceeding, the District Court may wish to stay the enforcement of the subpoenas *sua sponte* to permit a more probing (and time-

consuming) review of the parties' various arguments with respect to privilege and relevance.[2] Such a review might, for example, consider whether some of the documents inadvertently contained in Donziger's privilege log include purely-privileged material such as attorney-client communications between the LAP and their counsel that were channeled through Donziger. That said, we leave any decision on these issues to the informed discretion of the District Court.

Second, in light of the complexity of this case and the urgency of its adjudication, we wish to note the exemplary manner in which the able District Judge has discharged his duties. There is no question but that all concerned, not least this Court, are well served by the careful and comprehensive analysis which is evident repeatedly throughout the many memoranda and orders of the District Court, many of which were produced with rapidity in the context of the District Court's daunting schedule in this and other important cases.

The mandate shall issue forthwith. Any subsequent appeal <u>related to the disposition of the subpoenas referenced in this order</u> will be assigned to this panel. *See United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994).

                                                FOR THE COURT
                                                Catherine O'Hagan Wolfe, Clerk of Court



---

[2] We note—mindful that "[t]he doctrine of separation of powers prohibits the federal courts from excursions into areas committed to the Executive Branch or the Legislative Branch," *In re Austrian and German Holocaust Litig.*, 250 F.3d 156, 163-64 (2d Cir. 2001) and that "[t]he legitimacy of our courts depends in no small measure on exercising authority only in those areas entrusted to the courts," *Attorney Gen. of Can. v. R.J. Reynolds Tobacco Holdings, Inc.*, 268 F.3d 103, 114 (2d Cir. 2001)—that the Government of Ecuador's efforts to intervene in this case precisely "to assert a ger's possession," *In re Chevron Corp.*, 2010 WL vn, facilitate a temporary stay in the criminal e opportunity to do so.

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit