UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
In re Application of

CHEVRON CORPORATION                                        10 MC 00002 (LAK)

This Document Applies to ALL CASES
------------------------------------------------------------------- x

                              **ORDER**

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-13-11
```

LEWIS A. KAPLAN, *District Judge.*

        This matter is before the Court on Chevron's motion, joined in by Rodrigo Pérez Pallares and Ricardo Reis Veiga (the "Individual Petitioners"), for an order holding Steven Donziger in contempt of this Court's orders to produce documents responsive to subpoenas, to compel production of mirror images of hard drives for forensic inspection, to continue the search for responsive documents by using certain search terms, for sanctions against counsel for the Lago Agrio plaintiffs, and for other relief. The Court today heard the motion except to the extent that it seeks sanctions against counsel for the Lago Agrio plaintiffs, which it has deferred to permit additional time for briefing. This order refers to the motion – except for the portion that has been deferred – as the "Motion."

        Having considered the evidence, heard argument, and found good cause to believe that additional measures are appropriate to ensure full compliance with the subpoenas and the Court's prior orders, and Donziger having consented to the relief granted in paragraph 1 (Dkt. 153, at 15), *infra,* the Motion is granted to the extent that:

        1.    Donziger forthwith shall provide counsel for Chevron and the Individual Petitioners with written consent to the disclosure by Yahoo! to Chevron and the Individual Petitioners of the contents of his e-mail account that employs the address "documents2010@ymail.com".

        2.    Donziger forthwith shall provide Chevron and the Individual Petitioners with any documents responsive to the subpoenas that may be in his "SDonziger@srdlegal.com" e-mail account.

        3.    Donziger forthwith shall conduct a search or searches of all electronically stored information within his possession, custody or control using the 12/14/2010 Search List provided by Chevron and thereupon forthwith produce any documents responsive to the subpoenas located by such search or searches to Chevron and the Individual Petitioners.

2

Insofar as the Motion seeks to hold Donziger in contempt and to require production of mirror images of hard drives for forensic inspection, the Court reserves decision. Any further submissions on behalf of Donziger and the Lago Agrio plaintiffs on those issues shall be filed by noon on January 18, 2011.

In view of the difficulties encountered with respect to compliance with the subpoenas and the Court's orders, the Court hereby expands the scope of the reference to Special Master Max Gitter, Esq., to assisting the Court with respect to any further disputes with respect to compliance. He is charged with hearing and ruling, subject to review by this Court, on all matters pertaining to compliance with the subpoenas and compliance with the Court's orders with respect thereto save contempt and sanctions applications and the question of mirroring the hard drives on which the Court has reserved decision. The Special Master is specifically empowered to require production for *in camera* review by him of any documents identified by searches of electronically stored information in Donziger's possession, custody or control that Donziger declines to produce and to determine whether production of such documents is required by the subpoenas and this Court's orders.

SO ORDERED.

Dated: January 13, 2011

_____
Lewis A. Kaplan
United States District Judge