UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
In re Application of                                               :
                                                                   :    10 MC 00002 (LAK)
CHEVRON CORPORATION, et al.,                                       :
                                                                   :
                              Petitioners.                         :
                                                                   :
This document applies to:   ALL CASES                              :
------------------------------------------------------------------ x

## CHEVRON CORPORATION'S RESPONSE TO
## EMERY CELLI BRINCKERHOFF & ABADY LLP'S
## MOTION FOR LEAVE TO WITHDRAW AS COUNSEL

Chevron does not oppose the motion for leave to withdraw filed by Emery Celli Brinckerhoff & Abady LLP ("Emery Celli"), *see* Dkt. 181, assuming Emery Celli is withdrawing from representing the so-called "Lago Agrio Plaintiffs" in all other related matters. Nor does Chevron oppose Emery Celli's request to disclose the reasons for its withdrawal "*in camera and ex parte*," Dkt. 181-1 at 2, although Chevron does not concede that all information related to the reasons for Emery Celli's withdrawal is confidential or privileged and expressly reserves its right to seek discovery from Emery Celli. Chevron maintains that Emery Celli's prior conduct in this and related matters has been highly improper, and respectfully submits that if Emery Celli's motion to withdraw is granted, this Court should retain jurisdiction over Emery Celli for purposes of imposing sanctions and granting such other relief as the Court may deem appropriate. Finally, in light of the serious questions surrounding the irregular and inconsistent appearances in this and related matters by Emery Celli, Patton Boggs LLP ("Patton Boggs"), Motley Rice LLC, and their co-counsel purporting to represent the Lago Agrio Plaintiffs, and the fact that Emery Celli has not sought to withdraw from any of the other matters in which it has

purported to appear on behalf of the Lago Agrio Plaintiffs, Chevron respectfully requests that this Court require Emery Celli to disclose whether it is withdrawing from all matters relating to the Lago Agrio litigation and whether it retains any interest in the proceeds being sought through that litigation.

Emery Celli's desire to withdraw from this matter is understandable in light of the evidence of serious fraud and corruption that has been adduced pursuant to the discovery orders of this and other U.S. courts. Not only have the Lago Agrio plaintiffs' counsel sought to obtain a judgment against Chevron in Ecuador by fraud and corruption, they have sought to obstruct discovery of that fraud and corruption in the United States. Chevron has moved this Court to sanction Emery Celli on the ground that it was not duly authorized to represent the Lago Agrio Plaintiffs. *See* Dkts. 147 at 30–32; 173 at 2–7. Moreover, Chevron cited the repeated misrepresentations and other bad faith tactics Emery Celli has employed to obstruct discovery in this and other U.S. courts as cause for this Court *sua sponte* to sanction the firm. *See* Dkts. 147 34–35 n.25; 173 at 7–8.

The context of Emery Celli's motion is curious. Emery Celli has had an active role in devising strategy and preparing papers for filing in the Lago Agrio court. *See, e.g.*, Dkt. 150-2 Ex. 6 (e-mail exchange between Jonathan Abady and Andrew Wilson of Emery Celli and Patton Boggs attorneys in which they discuss Abady's proposal for a June 2010 filing in Ecuador). Moreover, Emery Celli still claims to represent the Lago Agrio Plaintiffs in six other ongoing actions under 28 U.S.C. § 1782 in courts throughout the United States, including in the Section 1782 proceeding in this Court seeking the *Crude* outtakes and discovery from the filmmakers. *See In re Chevron Corp.*, No. 10-2815, Entry of Appearance of O. Andrew Wilson on Behalf of Appellants the Ecuadorian Pls. (3d Cir. July 1, 2010); *In re Application of Chevron Corp.*, No.

10-mc-00053-SSB-KLL (S.D. Ohio Nov. 22, 2010) Dkts. 30, 32; *In re Application of Chevron Corp., et al.*, No. 10-mc-00001-LAK (S.D.N.Y Aug. 4, 2010), Dkt. 5; *In re Application of Chevron Corp.*, No. 10-cv-01146-IEG-WMC (S.D. Cal. Sept. 28, 2010) Dkt. 84; *In re Application of Chevron Corp.*, No. 10-mc-00134-GHM (S.D. Tex. Apr. 21, 2010) Dkt. 23; *Chevron Corp. v. Stratus Consulting, Inc.*, No. 10-cv-00047-MSK-MEH (D. Colo. Apr. 21, 2010) Dkt. 58. But this case—the only one where a motion for sanctions against Emery Celli is pending—is apparently the only proceeding from which Emery Celli is seeking to withdraw.

The timing of Emery Celli's motion is also curious. On February 7, 2011, the same day Emery Celli filed its motion to withdraw, Patton Boggs, which also purports to represent the Lago Agrio Plaintiffs, moved to amend a declaratory judgment complaint it filed late last year against Chevron in the District of Columbia regarding a Patton Boggs conflict of interest issue. *See Patton Boggs LLP v. Chevron Corp.*, No. 10-cv-01975-HHK (D. D.C. Feb. 7, 2011) Dkt. 19. Patton Boggs's proposed amended complaint would add a tortious interference claim against Chevron and its counsel, Gibson Dunn & Crutcher LLP ("Gibson Dunn"), accusing them of tortiously interfering with Patton Boggs's "contract" with the Lago Agrio Plaintiffs through court filings—including numerous *successful* motions in Section 1782 and other proceedings in federal courts around the country—and public statements regarding the litigation and Patton Boggs's conduct in connection with it. Patton Boggs filed its vexatious motion to amend on the eve of a February 8, 2011 hearing in this Court on Chevron's application for a temporary restraining order in a related matter, *see Chevron Corp. v. Donziger*, No. 11-cv-0691-LAK (S.D.N.Y. Feb.

8, 2011) Dkt. 4, and on the heels of an interview given by the firm's lead partner on the matter, James Tyrrell, *see* Ex. 1.[1] The firm then touted its new filing in a press release. *See* Ex. 2.

Patton Boggs's proposed tortious interference claim is not only legally frivolous, it is also factually frivolous because, *inter alia*, Patton Boggs still claims to represent the Lago Agrio Plaintiffs in multiple jurisdictions. *See In re Chevron Corp.*, No. 10-4341 (2d Cir. Nov. 11, 2010) Dkts. 92, 100; *In re Application of Chevron Corp.*, No. 10-mc-00208-JD (E.D. Pa. Dec. 1, 2010) Dkts. 21, 26; *Chevron Corp. v. Rourke*, No. 10-cv-02989-AW (D. Md. Nov. 23, 2010) Dkts. 30, 38. Moreover, when this Court ordered putative counsel for the Lago Agrio Plaintiffs, including Emery Celli and Patton Boggs, to show cause concerning their authorization to represent those plaintiffs, Patton Boggs did not claim to have any "contract" with the individual plaintiffs themselves. Instead, Patton Boggs said *it* had sent to Steven Donziger a letter setting out the "scope" of the firm's representation of the Lago Agrio Plaintiffs, Dkt. 163 at 4, 12, and cited a declaration from Pablo Fajardo stating that he had retained Patton Boggs, although Fajardo did not provide an actual retention agreement either, *see* Dkt. 163 at 10 (citing Dkt. 165 ¶¶ 9–10, Exs. 1–2).

And while Patton Boggs maintains through separate counsel that it has never appeared before this Court and therefore should not be held accountable here for its own sanctionable conduct, the firm had Sheldon Elsen submit as his own a 67-page brief that Patton Boggs apparently ghostwrote, purportedly on behalf of just two of the Lago Agrio Plaintiffs named as defendants in Chevron's new civil RICO action. *See Chevron Corp. v. Donziger*, No. 11-cv-0691-LAK (S.D.N.Y. Feb. 8, 2011) Dkt. 61. Despite having signed the brief, Elsen made clear

---

[1] Citations to "Ex." are to exhibits to the declaration of Randy M. Mastro filed with this response.

in open court that, in fact, Patton Boggs wrote it. *See* Ex. 3 at 21:9–20. So total was Patton Boggs's control over the process that even though Elsen was "fit to be tied" that Patton Boggs did not put his preferred argument at the front of the brief, there was evidently nothing he could do about it. *Id.* at 27:17–20.

In this context, Chevron is concerned that Emery Celli's motion to withdraw may be part and parcel of the tactical gamesmanship in which the Lago Agrio Plaintiffs' putative counsel (including Emery Celli and Patton Boggs) have engaged to try to insulate themselves from responsibility for their conduct in connection with this litigation.

To be sure, other firms have withdrawn from representing the Lago Agrio Plaintiffs for legitimate reasons, and Emery Celli may be seeking to withdraw, albeit belatedly, for similar reasons. Constantine Cannon LLP ("Constantine Cannon"), which briefly represented the Lago Agrio Plaintiffs in connection with the Section 1782 proceeding seeking discovery from Stratus Consulting, withdrew shortly after Steven Donziger hired that firm. *See* Dkt. 150-2, Ex. 7 at 2353:17–21, 2354:22–2355:9. Donziger has admitted that the lawyer who led Constantine Cannon's representation, Jeffrey Shinder, met with Douglas Beltman of Stratus Consulting and became "uncomfortable with the facts as Mr. Beltman laid them out," and that Shinder expressed an "ethical concern" with the case. Dkt. 175-1, Ex. A at 3638:25–3639:4; 3639:15–17. Brownstein Hyatt Farber Schreck LLP ("Brownstein Hyatt"), another firm briefly involved in the Stratus Section 1782 proceeding, also withdrew from its representation of the Lago Agrio Plaintiffs soon after Donziger hired it.[2] Dkt. 150-2, Ex. 7 at 2381:3–2382:4. Donziger said

---

[2] In addition to the Constantine Cannon and Brownstein Hyatt firms, Recht & Kornfeld, P.C., another firm involved in the Stratus Section 1782 proceeding, eventually withdrew from representing the Lago Agrio Plaintiffs. *See Chevron Corp. v. Stratus Consulting, Inc.*, No.

[Footnote continued on next page]

Brownstein Hyatt withdrew because the firm was "troubled by the allegations Chevron was making about Stratus' role writing materials to be given to Cabrera." *Id.* at 2382:5–14. But it was more than allegations that troubled both the Constantine Cannon and Brownstein Hyatt firms. In a May 24, 2010 memorandum to Donziger, John V. McDermott of Brownstein Hyatt explained:

> [W]hen [Brownstein Hyatt] withdrew, we did not feel that we had a Rule 11 basis to file an opposition to Chevron's subpoenas. . . . [Jeffrey] Shinder [of Constantine Cannon] told us that after meeting with the witnesses, he was concerned that despite your representations to us that Stratus' work with the Ecuadorian expert complied with Ecuadorian procedure and was proper, he understood the opposite to be true.

Ex. 4. If Emery Celli now seeks to withdraw for reasons similar to those that motivated the Constantine Cannon and Brownstein Hyatt firms, one wonders what took them so long. After all, Emery Celli learned, during the Stratus Section 1782 proceeding, the same information those firms learned.

The concern that Emery Celli's motion for leave to withdraw as counsel for the Lago Agrio Plaintiffs may be another maneuver in a pattern of gamesmanship merits further inquiry. Emery Celli has volunteered to disclose to this Court "*in camera* and *ex parte*," Dkt. 181-1 at 2, its reasons for moving to withdraw as counsel. Chevron urges the Court to take this opportunity to address the concerns raised by the circumstances and timing of Emery Celli's motion to withdraw in the sole Section 1782 action where a motion for sanctions against it is pending.

---

[Footnote continued from previous page]
    10-cv-00047-MSK-MEH (D. Colo. Apr. 28, 2010) Dkt. 82. The reasons for that firm's withdrawal remain unclear. Chevron also notes that Brownstein Hyatt was local counsel for the Lago Agrio Plaintiffs, not Stratus (as stated in a supplemental declaration in support of Chevron's pending motion to hold Donziger in contempt, *see* Dkt. 175 at 14).

Regardless of whether Emery Celli is now permitted to withdraw, Chevron's motion for sanctions against that firm remains outstanding and should be decided. Emery Celli's withdrawal would not obviate the need for it to be sanctioned for its prior unauthorized appearance. *See* Dkts. 147 at 30–32; 173 at 2–7. Nor would Emery Celli's withdrawal affect in any way the ample cause for this Court *sua sponte* to sanction that firm for its role in the knowing cover-up of the Cabrera fraud, a role that included misrepresentations to this Court and other courts around the country. *See* Dkts. 147 at 34–35 n.25; 173 at 7–8.

Dated: February 11, 2011
      New York, New York

                                GIBSON, DUNN & CRUTCHER LLP

                                By: /s/ Randy M. Mastro

| | |
|---|---|
| Scott A. Edelman | Randy M. Mastro |
| 2029 Century Park East | 200 Park Avenue |
| Los Angeles, CA 90067 | New York, New York 10166-0193 |
| Telephone: 310.552.8500 | Telephone: 212.351.4000 |
| Facsimile: 310.551.8741 | Facsimile: 212.351.4035 |
| | |
| Andrea E. Neuman | William E. Thomson |
| 3161 Michelson Drive | 333 S. Grand Ave. |
| Irvine, CA 92612 | Los Angeles, CA 90071 |
| Telephone: 949.451.3800 | Telephone: 213.229.7891 |
| Facsimile: 949.451.4220 | Facsimile: 213.229.6891 |

                                *Attorneys for Applicant Chevron Corporation*