UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of<br><br>CHEVRON CORPORATION, et al.,<br><br>                              Petitioners.<br><br>This documents applies to:  ALL CASES | 10 MC 00002 (LAK) |

### EMERY CELLI'S REPLY MEMORANDUM OF LAW
### IN SUPPORT OF MOTION
### FOR LEAVE TO WITHDRAW AS COUNSEL

### PRELIMINARY STATEMENT

Emery Celli Brinkerhoff & Abady ("ECBA") submits this memorandum in reply to Chevron's Response to ECBA's motion to withdraw as counsel in this action.

### ARGUMENT

Chevron does not object to ECBA's withdrawal, and offers no basis for denial of ECBA's motion. Chevron makes no claim that ECBA's withdrawal will interfere with the progress of this action. Indeed, ECBA's motion demonstrates the contrary. Co-counsel Motley Rice LLP has appeared in this action and is able to go forward with no infringement on Chevron's rights or the progress of this action.

Contrary to Chevron's assertion, ECBA has not "requested" an opportunity to disclose the reasons for its withdrawal. (*See* Chevron Br. 1). ECBA submits that it has disclosed a sufficient reason for withdrawal -- other counsel is in place so that ECBA's withdrawal will not

1

hinder the progress of the case. Unless the Court so requests, no further inquiry is necessary under SDNY Local Rule 1.4 or New York Rule of Professional Conduct 1.16(c)(1).

Chevron refers to ECBA's appearances in other actions. However, the appropriateness of counsel's withdrawal in this case, as in any other, is determined by case-specific considerations, such as the place of an action on the court calendar (*see* Local Rule 1.4), factors that may not be identical in all related cases. *See, e.g.*, N.Y. Prof'l Conduct R. 1.16(c) (2009) (addressing case-specific factors such as the existence of and relationships with co-counsel); Local Rule 1.4. ECBA is currently conducting such an analysis in other jurisdictions where it has appeared.

Further, despite Chevron's claims otherwise, it is plain that ECBA's withdrawal would not interfere with the Court's jurisdiction to decide any claim for sanctions based on what has already occurred before it. *See e.g.*, *Cross & Cross Props., Ltd. v. Everett Allied Co.*, 886 F.2d 497, 505 (2d Cir. 1989); *Logicom Inclusive, Inc. v. W.P. Stewart & Co.*, No. 04 Civ 604, 2008 WL 1777855, at *2 (S.D.N.Y. Apr. 16, 2008) (Haight, J.). Chevron's sanctions motion should be denied, not because ECBA has withdrawn, but because the motion is frivolous.[1] *See* Emery Surreply Memorandum of Law in Opposition to Chevron's Motion to Disqualify Emery 8-10.

Finally, Chevron expends much of its response on the activities of other counsel in cases not before this Court, including references to a declaratory action in the District of Columbia. (Chevron Br. 3-5). Chevron offers no reason why events in those cases should have any bearing on this Court's decision on the pending motion to withdraw.

---

[1] Chevron's brief asks this Court to impose sanctions *sua sponte* based on alleged "misrepresentations" in litigations not before this Court and "bad faith tactics." (Chevron Br. 2). These kinds of vague suggestions do not assert a basis for sanctions. *See e.g.*, *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 117 (2d Cir. 2000) ("An attorney whom the court proposes to sanction must receive specific notice of the conduct alleged to be sanctionable and the standard by which that conduct will be assessed, and an opportunity to be heard on that matter, and must be forewarned of the authority under which sanctions are being considered, and given a chance to defend himself against specific charges." (quoting *Sakon v. Andreo*, 119 F.3d 109, 114 (2d Cir. 1997) (alterations omitted)); *Ted Lapidus S.A. v. Vann*, 112 F.3d 91, 96 (2d Cir. 1997); *Castro v. Mitchell*, 727 F. Supp.2d 302, 307-08 (S.D.N.Y. 2010) (Gorenstein, M.J.); Fed. R. Civ. P. 11(c)(1)).

## CONCLUSION

ECBA's motion seeking leave to withdraw from this action should be granted.

Dated: New York, New York

February 17, 2011

Respectfully Submitted,

LANKLER SIFFERT & WOHL LLP

_____
Frank H. Wohl
500 Fifth Ave., 33rd Floor
New York, NY 10110
(212) 921-8399

*Attorneys for Emery Celli Brinckerhoff & Abady LLP*

EMERY CELLI BRINCKERHOFF & ABADY LLP


Jonathan S. Abady
75 Rockefeller Plaza, 20th Floor
New York, NY 10019
(212) 763-5000

*Attorneys for Ecuadorian Plaintiffs*