UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

CHEVRON CORPORATION,

               Plaintiff,

    -against-                           10 MC 0002 (LAK)

STEVEN DONZIGER, et al.,

               Defendants.
------------------------------------x

                        ORDER

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/16/11
```

LEWIS A. KAPLAN, *District Judge*.

        In August 2010, Steven Donziger was served with subpoenas, one at the behest of Chevron and another at the behest of individuals, that required the production of documents. Motions to quash by Donziger and his clients, the Lago Agrio Plaintiffs (the "LAPs") were denied on October 20, 2010 in a summary opinion, at which time Donziger was ordered by this Court to comply "forthwith." *In re Application of Chevron Corp.*, 749 F. Supp.2d 135 (S.D.N.Y. 2010). The Court issued a fuller opinion on November 10, 2010, in which it elaborated on the grounds set forth summarily on October 20. *Id.* 749 F. Supp.2d 141. Then, on November 30, 2010, the Court granted Donziger's motion for reconsideration, adhered to its original decision commanding the production forthwith of all responsive documents, granted Chevron's motion to compel Donziger to produce all documents responsive to the subpoena forthwith, and again directed Donziger to "produce each and every document responsive to the subpoenas (irrespective of whether any privilege or other protection against disclosure has been or hereafter is or may be claimed) forthwith." *Id.* 749 F. Supp.2d 170 (S.D.N.Y. 2010). Those orders then were affirmed by the Court of Appeals. *Lago Agrio Plaintiffs v. Chevron Corp.*, 409 Fed. Appx. 393 (2d Cir. 2010).

        In January 2011, Chevron moved for an order holding Donziger in contempt of court on the ground, among others, that he had failed to produce all documents responsive to the subpoena. That motion is *sub judice*.

        In the meantime, Chevron has served subpoenas on attorneys and interns who have worked with Donziger in connection with the Ecuadorian litigation and whom it suspected might have documents responsive to the subpoena served on Donziger in this action that Donziger had not produced. It now appears that Chevron's suspicion was correct. Chevron, in an August 12, 2011, letter, therefore has (a) made clear that it relies upon Donziger's failure to produce those documents,

2

to the extent they are in the hands of persons subject to his control, in support of the contempt application, and (b) sought a further order compelling him to produce those documents forthwith. Donziger's counsel has responded in a letter dated August 15, 2011, arguing in essence that Donziger "has produced all the responsive documents he has."

Fed. R. Civ. P. 45(a)(1)(A)(iii) makes clear that a subpoena, like a Fed. R. Civ. P. 34 or Fed. R. Crim. P. 16(a)(1)(E) request, reaches all documents that lie within the "possession, custody *or control*" of the person to whom it is addressed. (Emphasis added) *See also United States v. Stein*, 488 F. Supp.2d 350, 360-64 (S.D.N.Y. 2007) (collecting authorities). Accordingly, on the face of the rule, Donziger's obligation was and remains to produce "forthwith" not only those documents responsive to the subpoena that were within his possession or custody, but also those that were within his control. Moreover, the Court specifically noted this in its November 10 decision in this case and in its decision in the related *Berlinger* case. *In re Chevron Corp.*, 749 F. Supp.2d at 166; *In re Application of Chevron Corp.*, 736 F. Supp.2d 738, 782 (S.D.N.Y. 2010). Thus, Donziger's contention that he "has produced all the responsive documents he has" does not address the thrust of Chevron's point. To the extent that any such documents within his control have not been produced, they must be produced forthwith.

Although the motion before the Court has been fully briefed, the Court will allow Donziger a final opportunity to respond to Chevron's August 12, 2011 submission. Any further submission by Donziger in opposition to the application shall be filed no later than August 19, 2011.

SO ORDERED.

Dated:   August 16, 2011

_____
Lewis A. Kaplan
United States District Judge